UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                       Case No. 8:24-bk-02592-CED
                                                                             Chapter 13
ERIC V. FULLGRAF

        Debtor.[1]
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION AND
OBJECTION CONCERNING CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time and objects to confirmation based on the following:

    1.    The Trustee requests the following additional documents, to be provided within twenty-one (21) days unless otherwise specified, to determine if the Debtor has dedicated all disposable income to the Plan and/or met the best interest of creditors test:

        a.  Personal and business income tax returns for 2021, 2022 and 2023 with all pages and schedules;

        b.  Complete copies of all documents of the family trust for which the Debtor is a beneficiary, including an inventory of all assets in the trust;

        c.  Proof of all trust income.

    2.    The Plan does not appear to meet the best interest of creditor's test pursuant to 11 U.S.C. §1325(a)(4) because it appears the Plan does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

        a.  The Debtor has not listed the following property/value of property on Schedule A/B: household goods and furnishings, electronics, jewelry, hobby and sports equipment;

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.

b. The Debtor is not entitled to the benefits of the exemptions under the Florida Constitution Art. X §4 or Florida Statutes §222. An Amended Schedule C must be filed. The Debtor is claiming as homestead real estate that he has not lived in for three years and that, upon information and belief, does not currently have working electricity and running water and is currently not occupied.

3. An Amended Plan must be filed because the Plan is unclear as to the treatment of all creditors. The Debtor has listed a payment of $220.09 per month under Section 5(h) referring to secured creditors, but does not list any arrears, collateral or creditor. In addition, the Debtor has listed The City of Lakeland under Section 5(b) for curing and maintaining a creditor secured by other real property, but has listed no payment under that section.

4. The Trustee reserves the right to request further information or raise further objections prior to or at the confirmation hearing.

I HEREBY CERTIFY that a true and correct copy of the Trustee's Unfavorable Recommendation and Objection Concerning Confirmation of the Plan was furnished electronically and/or by First Class U.S. Mail to ERIC V. FULLGRAF, 360 Scherhorn St., Brooklyn, NY 11217; CHARLES T. STOHLMAN, 120 E. Pine Street, Suite 7, Lakeland, FL 33801; and the U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, on this 26th day of August, 2024.

/s/ William C. Harrison, Esquire
WILLIAM C. HARRISON., ESQUIRE
Post Office Box 89948
Tampa, Florida 33689-0416
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0896731
Attorney for the Trustee

KR/tem