ORDERED.

Dated: June 26, 2025

Caryl E. Delano
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No. 8:24-bk-02592-CED
Chapter 13

ERIC V. FULLGRAF
Debtor(s)[1]

_____/

## ORDER DENYING CONFIRMATION AND DISMISSING CASE
**(THIS ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)**

THIS CASE came on for a confirmation hearing on June 23, 2025 to consider confirmation of the proposed Chapter 13 Plan. The Court finds that dismissing this case is in the best interests of creditors and the estate.

Accordingly, it is

**ORDERED:**

1. This case is DISMISSED without prejudice effective on the 15th day following the date of entry of this Order.

2. If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

3.       Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.

4.       If Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against codebtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

5.       All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction: (a) motions for relief from stay that (i) were scheduled for hearing within 14 days of the date of this Order, or (ii) request an order binding upon the Debtor in subsequently filed cases; (b) any pending order to show cause for dismissal with prejudice; and (c) motions for sanctions arising from alleged violations of the automatic stay.

6.       Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

7.       Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive.  The Court shall retain jurisdiction for this purpose.

8.       The Court reserves jurisdiction to determine timely filed applications for administrative expenses.

Trustee Kelly Remick is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.
KR/LMG/am                                                                                                                      C13T 6/26/25